---
Dudley *v.* Sawyer.
---

---

## DUDLEY *v.* SAWYER.

Delivery is inoperative to pass the title to property, where payment of the price is contracted for simultaneously therewith, unless such payment be made, or waived.

Trover will lie for property sold or appropriated to his own use by the defendant, without a previous demand therefor by the owner.

TROVER, for the meat of a beef cow, brought by Charles Dudley against William Sawyer. Plea, the general issue. On trial, it appeared that on the fourth day of August, 1859, the cow in question was sold by the plaintiff to Charles C. Davis, as agent for Rufus Sawyer, a brother of the defendant, with an agreement that she should be slaughtered on the afternoon of August 5, and the meat delivered on the morning of August 6, 1859, and that the same should be paid for when delivered. Rufus was car-

rying on the butchering business in Concord, had a shop on Pleasant street, and sent out meat in carts for the accommodation of his customers. The cow was killed by the servants of Rufus on the afternoon of August 5, at the slaughter-house of one Wyman; and on the morning of the sixth the plaintiff weighed and took the weight of said cow, but left no directions as to the meat, nor left any one at said slaughter-house to make any further delivery of, or to take pay for, said meat; and afterward, in the absence of the plaintiff, one of said Rufus' servants took said meat and carried it to said Rufus' shop, where it became intermingled with the meat before there. Some of it was sold in the shop, and some from the carts that went out from the shop; and the proceeds of this meat were so mixed up, as well as the meat itself, with the meat and the proceeds of the meat before in the shop, that it was impossible to separate one from the other. On the afternoon of August 5, 1859, Rufus assigned to the defendant, for a valuable consideration, all his accounts in the butchering business at Concord, and mortgaged to him all the meats then in his shop. The mortgage was duly recorded in the evening of the same day; but the servants of Rufus, who had charge of the shop and of the carts, had no knowledge of the mortgage or assignment until after the meat in controversy had been carried to the shop and intermingled with the other meat, as before stated.

The defendant had no knowledge of the cow or the meat aforesaid, till about 10 o'clock A. M., August 6, just after he took possession of the shop, when Davis told him of the fact that the meat had been put into the shop, and of the terms of its purchase; and the defendant then, in the presence of Davis, requested the man whom he had employed to take charge of the shop, to keep the meat in question separate from that mortgaged to him, and also the proceeds thereof, but was told it was impossible, by reason of its being intermingled with the other meat in

the shop, as before stated. A considerable part of the meat in controversy had then been sold, and the defendant received the proceeds of that which had been already, as well as of that which was afterward sold. He also took and retained possession of whatever meat remained unsold at the close of that day's operations, among which was a portion of the meat in controversy.

There being no controversy as to the facts above stated, the court, after denying a motion for a nonsuit made by the defendant, directed a verdict for the plaintiff for the value of the meat of the cow, at the agreed price, upon which judgment was to be rendered, or the same to be set aside and a nonsuit entered, or a new trial granted, as the opinion of the whole court might be.

*A. S. Marshall*, for the defendant.

*Minot & Mugridge*, for the plaintiff.

FOWLER, J. By the terms of the contract between the plaintiff and the agent of Rufus Sawyer, the property in the meat of the cow in controversy did not pass to Rufus Sawyer by its delivery to his servants on the morning of the sixth of August, 1859, because it was an express provision of that contract that payment of the price should accompany the delivery; and no such payment was made, nor any evidence of any waiver thereof offered. The general rule, in the sale of goods and chattels, where no express stipulation to that effect is made, is, that the price must be paid before the property will pass, although conditional delivery may occur. If delivery take place, where payment is expected or contracted for therewith, it is in law made upon the condition precedent, that the price shall be forthwith paid. If this condition be not performed, the delivery is inoperative to pass the title to the property. *Ferguson* v. *Clifford*, 37 N. H. 86, and authorities cited on page 103.

There being no evidence that the express condition of the contract involved in the present case was either performed or waived, the property in the meat remained in the plaintiff after it was conveyed to the shop of Rufus Sawyer, and while a portion of it was sold by the servants of the defendant from the shop and carts, and the remainder was appropriated by the defendant to his own use. The defendant had then manifestly, before the bringing of the plaintiff's action, converted the property of the plaintiff to his own use, and was liable in trover for the value thereof, without a previous demand. It was entirely immaterial that he had no knowledge of the circumstances in relation to the meat until after its proceeds had been intermingled with those of his own meat. His duty clearly was, upon learning the facts, either to restore to the plaintiff meat of the same quality and value, to the same amount, or to pay him the agreed price therefor. *Robinson* v. *Holt,* 39 N. H. 557.

In accordance with these views, there must be judgment on the verdict.

*Exceptions overruled.*